ROSALIE PLANT ET AL., APPELLANTS, v. CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY, APPELLEE.

FILED JUNE 7, 1907. NO. 14,850.

Directing Verdict: REVIEW. The record discloses conflicting evidence upon disputed questions of fact, and the court therefore erred in peremptorily instructing a verdict.

APPEAL from the district court for Richardson county: WILLIAM H. KELLIGAR, JUDGE. *Reversed.*

*Reavis & Reavis,* for appellants.

*J. W. Deweese, F. M. Deweese* and *F. E. Bishop,* contra.

AMES, C.

There is but one issue made by the pleadings with which the court is at present required to deal. The petition alleges that the line of the defendant's railroad traverses the plaintiff's land in an easterly and westerly direction, and that immediately to the eastward of the land is a considerable elevation of ground constituting one of the bluffs of the Missouri river, through which bluff the defendant company, when it constructed its road, excavated a deep cut for the purpose of establishing its grade, which it has since maintained, and that the natural surface of the elevation and of the neighboring country is or was such that before the building of the road surface water falling thereon did not flow to the plaintiff's land, but so much thereof as fell to the northward of where the cut now is flowed eastwardly away from the land and toward and finally into the river, and

so much thereof as fell southward of where the cut now is flowed northward until it met and mingled with the above mentioned eastward flow. But it is alleged that since the building of the road the defendant has dug and maintained a ditch, which arrests this northward flow of the water and prevents it from pouring upon the roadbed as it would otherwise do, and collects it and conducts it westward for a distance of about a quarter of a mile, and discharges it upon the land of the plaintiff lying south of the right of way, causing injuries to it and to his growing crops, for which a recovery is prayed. The answer, so far as the issue thus tendered is concerned, amounts in effect to a general denial. There was a judgment for the defendant upon an instructed verdict, from which the plaintiff appealed.

All the foregoing allegations of the petition are supported by the testimony of the plaintiff as a witness, and are controverted by the testimony of surveying engineers and by a topographical map made by the latter tending to show that the natural inclination of the surface of the bluff south of the cut is such that the same quantity of water flowed upon or over the plaintiff's land before the digging of the ditch that has done so since, and that the ditch has therefore done him no wrong. If the map was a scientific document, the accuracy of which was admitted or indisputably established, it might suffice to determine the controversy, but it is not such. It is not for the court to weigh the credibility of the testimony of the plaintiff, or that of the surveyors or draughtsmen, or to decide upon the skill of the latter or the accuracy of the map. In other words, the record discloses an ordinary instance of conflicting testimony with reference to a disputed question of fact, which should have been submitted to the jury for decision, and, for that reason, we recommend that the judgment of the district court be reversed and a new trial granted.

JACKSON and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial granted.

